IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICKY L. PERRY,　　　　　　　　　　　　　　Case No. 15-cv-1423-pp

　　　　　　Petitioner,

v.

REED RICHARDSON, Warden,
Stanley Correctional Institution,[1]

　　　　　　Respondent.

---

**ORDER DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND SCREENING THE PETITION (DKT. NO. 1)**

---

**I.　　MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

On November 30, 2015, petitioner Ricky L. Perry, incarcerated at Stanley Correctional Institution, filed a petition for *habeas corpus* relief under 28 U.S.C. §2254. Dkt. No. 1. The petitioner enclosed the $5.00 filing fee with his petition, and the docket shows that the clerk's office received that fee. Id. The petitioner, however, filed a motion for leave to proceed *in forma pauperis*, Dkt. No. 2, along with his prisoner trust fund account statement, Dkt. No. 3. On December 1, 2015, the clerk's office sent the petitioner a letter telling him that within twenty-one days, he must file the form indicating whether he consented

---

[1] The original petition names the State of Wisconsin as the respondent. An incarcerated *habeas* petitioner's warden is the only proper respondent in a *habeas corpus* case. Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996). The court amends the caption, and substitutes Reed Richardson, Warden of the Stanley Correctional Institution, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

1

or refused to consent to his case being decided by a magistrate judge. Dkt. No. 4. On December 21, 2015, the petitioner filed his refusal to consent to the jurisdiction of the magistrate judge, Dkt. No. 5, so this court now addresses the pending motion to proceed *in forma pauperis*. The court denies the motion as moot, because the petitioner already has paid the filing fee with his petition.

**II.   SCREENING OF THE PETITION**

A.   <u>Grounds for Relief Stated in the *Habeas* Petition</u>

In 2012, a jury convicted the petitioner of second degree reckless homicide. Dkt. No. 1 at 2-3. For seven reasons (some of which overlap), the petitioner contends that his conviction violated federal law: (1) the evidence did not support his conviction; (2) the trial court committed plain error when constructing the jury instructions; (3) his trial counsel provided ineffective assistance by failing to object to the jury instructions; (4) his trial counsel provided ineffective assistance by failing to conduct an adequate pre-trial investigation; (5) his trial counsel provided ineffective assistance by failing to investigate possible exculpatory evidence; (6) his trial counsel provided ineffective assistance by failing to investigate the availability of mitigating evidence; and (7) his trial counsel was ineffective for failing to object to testimony that was inconsistent with the evidence.

The petitioner states that he has exhausted his remedies as to grounds one through three. Dkt. No. 1 at 6-8. As to grounds four through seven, the petitioner states that he has not exhausted his remedies because his "[a]pellate counsel thought [them] meritless." <u>Id.</u> at 8-9. Section VII of the petition is

2

entitled, "Request for Relief." There, the petitioner "request[s] that the court take notice of my intent to file Habeas Corpus petition in a timely manner but, hold my petition in abayance [sic] until such time as I exhausted my state remedies under 974.06 STATS." Id. at 12.

    B.    <u>Grounds for Relief Raised in the Petitioner's State Court Appeals</u>

The following background facts and procedural history come from the petitioner's filings and the state-court records available electronically. <u>See</u> <u>State v. Perry</u>, No. 2011CF004152, <u>available at</u> https://wcca.wicourts.gov.

In 2012, a jury convicted the petitioner of second-degree reckless homicide. He was convicted on March 9, 2012, and, on April 16, 2012, the state court sentenced him to twelve years of initial confinement and six years of supervision. On April 18, 2012, the petitioner filed a notice of intent to pursue post-conviction relief. On January 7, 2013, the Wisconsin Court of Appeals extended the petitioner's deadline for filing a post-conviction motion or notice of appeal to February 11, 2013. On February 11, 2013, the petitioner filed a motion for a new trial, and, on April 19, 2013, the state court denied that motion. On July 1, 2014, the Wisconsin Court of Appeals affirmed the decision. Next, the petitioner sought review from the Wisconsin Supreme Court; that court denied the petition on October 6, 2014.

The Wisconsin Court of Appeals addressed the following issues in its opinion: (1) whether the evidence sufficiently supported the conviction; (2) whether "the trial court committed plain error when it instructed the jury in a manner that shifted the burden of proof and persuasion to [the petitioner]

3

concerning self-defense;" and (3) whether the court should "remand this case for an evidentiary hearing on [the] claim of constitutionally deficient representation by [the] trial lawyer" when the attorney failed to object to the jury instruction. State v. Perry, No. 2013-AP-1030-CR, 2014 WL 2932146, at *1, 5 (Wis. Ct. App. July 1, 2014). The court of appeals rejected all of the petitioner's arguments and affirmed his conviction. The Wisconsin Supreme Court denied review without a decision, the petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and he did not file any post-conviction motions in the Wisconsin state courts before filing his federal *habeas* petition on November 30, 2015.

C. Analysis of Whether the Petition Has Exhausted Claims

Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

When screening a *habeas* petition, a district court must determine whether the petitioner has exhausted all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's *habeas* claims "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). The petitioner first must have appealed the issues raised in the federal *habeas* petition all the way up to the highest court in the state for a ruling on the

4

concerning self-defense;" and (3) whether the court should "remand this case for an evidentiary hearing on [the] claim of constitutionally deficient representation by [the] trial lawyer" when the attorney failed to object to the jury instruction. State v. Perry, No. 2013-AP-1030-CR, 2014 WL 2932146, at *1, 5 (Wis. Ct. App. July 1, 2014). The court of appeals rejected all of the petitioner's arguments and affirmed his conviction. The Wisconsin Supreme Court denied review without a decision, the petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and he did not file any post-conviction motions in the Wisconsin state courts before filing his federal *habeas* petition on November 30, 2015.

C. Analysis of Whether the Petition Has Exhausted Claims

Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

When screening a *habeas* petition, a district court must determine whether the petitioner has exhausted all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's *habeas* claims "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). The petitioner first must have appealed the issues raised in the federal *habeas* petition all the way up to the highest court in the state for a ruling on the

4

merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge either may dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also, Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, (2005); Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir.2001).

After reviewing the issues raised in the petitioner's direct appeal to the Wisconsin Court of Appeals, the court concludes that petitioner has exhausted his claim regarding the sufficiency of the evidence (ground one), the claim addressing whether or not the trial court committed plain error when crafting the jury instructions (ground two), and the claim raising ineffective assistance of trial counsel for failure to object to the jury instruction (ground three).

The court concludes that the petitioner has not exhausted the following grounds for *habeas* relief: his claims for ineffective assistance of trial counsel for inadequate pre-trial investigation (ground four), for failing to investigate exculpatory evidence (ground five), for not investigating possible mitigating evidence (ground six), and for failing to object to testimony that was inconsistent with the evidence (ground seven).

While the petitioner raised the legal theory of ineffective assistance of counsel in his state appellate proceedings, the facts he alleged to support that

theory are entirely different from the facts supporting the ineffective assistance claims he raised in his *habeas* petition. For purposes of *habeas* review, the ineffective assistance of counsel claims are not exhausted merely because the petitioner exhausted the same legal theory in the state courts. Anderson v. Benik, 471 F.3d 811, 815 (7th Cir. 2006) (explaining that fair presentment requires a petitioner to present the same "factual and legal substance" to the state courts as raised in his federal habeas petition). The Wisconsin Court of Appeals' decision does not contain the ineffective assistance claims he raises in this *habeas* petition, so the petitioner did not "fairly present" them to the state courts. See Byers v. Basinger, 610 F.3d 980, 985 (7th Cir. 2010) ("The burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised.") (quoting Bell v. Cone, 543 U.S. 447, 451 n.3, 125 S. Ct. 847 (2005)).

Rose v. Lundy instructs federal district courts either to dismiss a petition that presents a mix of exhausted and unexhausted claims, 455 U.S. at 510, or to allow the petitioner, if he so chooses, to amend his petition by deleting the unexhausted claims and proceeding solely on the exhausted claims, 455 U.S. at 520. Under Rhines v. Weber, courts may stay unexhausted claims in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely *habeas* petition, such as when the

6

petitioner files his *habeas* petition "close to the end of the 1–year" statute of limitations. 544 U.S. at 275.

In this case, the petitioner is in danger of losing his ability to seek federal *habeas* relief due to expiration of the one-year statute of limitations. The petitioner's one-year limitations period would have begun to run ninety days after the day the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674–675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of ninety–day period in which prisoner could have filed a petition for a writ of certiorari with United States Supreme Court). The Wisconsin Supreme Court denied the petition for review on October 6, 2014, which means that the one-year limitations period began to run on or about January 5, 2015. Because the petitioner has not filed any postconviction motions, he has just under one week to try to exhaust his unexhausted claims if he chooses to do so. It appears, therefore, that the petitioner does not have time to exhaust his claims in state court.

As stated above, courts may stay claims if dismissing the petition would jeopardize the petitioner's ability to later file a timely *habeas* petition. Rhines, 544 U.S. at 275. However, the petitioner must establish good cause for staying his claims while he exhausts his state court remedies. See Lipson v. Clements, No. 15-CV-810, 2015 WL 5883790, at *2 (E.D. Wis. Oct. 8, 2015). The petitioner has not provided the court with any information about whether he has presented his four new claims for Sixth Amendment ineffective assistance

7

of counsel to any state court for appeal or post-conviction review. The court's independent review of the state court dockets turned up no information suggesting the petitioner has presented these claims to a state court. Consequently, the court finds that the petitioner has not taken any action to exhaust those claims in state courts, and his status as a *pro se* litigant does not constitute "good cause" either for his failure to present his unexhausted claims to the state courts or for granting a stay under Rhines. Yeoman v. Pollard, No. 14-CV-225, 2015 WL 4600851, at *2 (E.D. Wis. July 28, 2015); Eison v. Baenen, No. 12-CV-932, 2013 WL 1067989, at *3 (E.D. Wis. Mar. 14, 2013).

Under these circumstances, the court will give the petitioner the opportunity to decide whether he wants to abandon (in his federal *habeas* petition) his unexhausted claims and proceed only on the claims he has exhausted. In deciding whether to proceed on his exhausted claims, the petitioner should be aware of the following: if he decides to give up his unexhausted claims and proceed only on the claims he already has exhausted, it is unlikely that he will be able to raise the unexhausted claims in a future federal *habeas* petition. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his

8

unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. §2254 Rule 9(b), authorizing dismissal for abuse of the writ).

If the petitioner asks this court to proceed only on his exhausted claims, the court will review those claims to determine whether they state a cause of action that might support federal *habeas* relief. If so, the court will give the respondent a deadline by which to reply, and will set a briefing schedule. If the petitioner does not accept the option of abandoning his unexhausted claims, the court will be forced to dismiss the petition entirely, because a federal court cannot rule on a petition that contains both exhausted and unexhausted claims.

### III. CONCLUSION

The court **ORDERS** that the petitioner's application to proceed without paying the filing fee is **DENIED** as moot. Dkt. No. 2.

For the reasons explained in this order, the court **ORDERS** that on or before **MARCH 4, 2016**, the petitioner shall file a document, in which he states whether he wants to proceed only on his exhausted claims or wants the court to dismiss his petition without prejudice so that he can return to the state courts and exhaust his unexhausted claims. If the petitioner has not filed such

a document by March 4, 2016, the court will dismiss the petition without prejudice.

Dated in Milwaukee, Wisconsin this 29th day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge