IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY L. PERRY,

Petitioner,

v.

REED RICHARDSON, Warden,
Stanley Correctional Institution,[1]

Respondent.

Case No. 15-cv-1423-pp

---

**ORDER SCREENING PETITION (DKT. NO. 1) AND REQUIRING RESPONSE**

---

On November 30, 2015, petitioner Ricky L. Perry, incarcerated at Stanley Correctional Institution, filed a petition for *habeas corpus* relief under 28 U.S.C. §2254. Dkt. No. 1. On December 29, 2015, the court screened the petition. Dkt. No. 6. The court determined that he had raised seven grounds for relief:

> (1) the evidence did not support his conviction; (2) the trial court committed plain error when constructing the jury instructions; (3) his trial counsel provided ineffective assistance by failing to object to the jury instructions; (4) his trial counsel provided ineffective assistance by failing to conduct an adequate pre-trial investigation; (5) his trial counsel provided ineffective assistance by failing to investigate possible exculpatory evidence; (6) his trial counsel provided ineffective assistance by failing to investigate the availability of

---

[1] The original petition names the State of Wisconsin as the respondent. An incarcerated *habeas* petitioner's warden is the only proper respondent in a *habeas corpus* case. Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996). The court amends the caption, and substitutes Reed Richardson, Warden of the Stanley Correctional Institution, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

1

> mitigating evidence; and (7) his trial counsel was ineffective for failing to object to testimony that was inconsistent with the evidence.

Dkt. No. 6 at 2. After reviewing the claims and the pleadings, the court determined that the petitioner had "exhausted his claim regarding the sufficiency of the evidence (ground one), the claim addressing whether or not the trial court committed plain error when crafting the jury instructions (ground two), and the claim raising ineffective assistance of trial counsel for failure to object to the jury instruction (ground three)." Id. at 5. The petitioner had *not*, however, exhausted "his claims for ineffective assistance of trial counsel for inadequate pre-trial investigation (ground four), for failing to investigate exculpatory evidence (ground five), for not investigating possible mitigating evidence (ground six), and for failing to object to testimony that was inconsistent with the evidence (ground seven)." Id. The court ordered the petitioner "to decide whether he wants to abandon (in his federal *habeas* petition) his unexhausted claims and proceed only on the claims he has exhausted." Id. at 8.

On February 8, 2016, the petitioner timely filed a letter with the court, stating, "I am writing to you . . . to ask that you proceed with my Habeas Corpus Petition with the three original issues." Dkt. No. 8.[2] The petitioner told the court that he "underst[ood] that by doing so" he "may be giving up the right

---

[2] The court also saw the petitioner's January 15, 2016 letter to the court (Dkt. No. 7), asking for clarification on his timing for pursuing his unexhausted claims in state court. The court, whose job it is to be neutral, cannot give parties legal advice. Accordingly, the court was not able to respond to the petitioner's January 15, 2016 letter.

to bring" the non-exhausted claims. Id. The court interprets this to mean that the petitioner would like to proceed on the three exhausted grounds raised in his November 30, 2015 petition: claim one, the sufficiency of the evidence; claim two, whether or not the trial court committed plain error when crafting the jury instructions; and claim three, ineffective assistance of trial counsel for failure to object to the jury instruction.

In its December 29, 2015 order, the court made a preliminary determination that the petitioner had exhausted his remedies on those claims. The court now must also determine whether the petitioner has raised claims for which the court might grant federal *habeas* relief. Section 2254(a) allows a federal district court to consider the merits of a *habeas* petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

3

The petitioner's first claim is that the prosecution did not provide, and the court did not base the conviction on, sufficient evidence. Dkt. No. 1 at 6-7. While the petitioner does not state which provision of the Constitution he believes the prosecution and the circuit court violated, it appears to this court that he is alleging that prosecution and the state court violated his right to due process, guaranteed by the Fourteenth Amendment. That amendment states that no state may "deprive any person of life, liberty, or property, without due process of law." "There is a long-standing recognition that a criminal defendant has a due process right to be sentenced based on accurate information." Benson v. Douma, No. 14-C-249, 2014 WL 1338836, at *1 (E.D. Wis. April 3, 2014) (citing United States v. Tucker, 404 U.S. 443, 447-48 (1972); Townsend v. Burke, 334 U.S. 736, 740-41 (1948); Ben-Yisrayl v. Buss, 540 F.3d 542, 554 (7th Cir. 2008)). This includes the protection "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged." In re Winship, 397 U.S. 358, 364 (1970). Because it appears that the petitioner's first claim is grounded in the Constitution, the court finds that the petitioner's first claim is a claim for which a federal court could grant *habeas* relief.

In his second claim, the petitioner asserts that the trial court did not provide the appropriate jury instructions. Dkt. No. 1 at 7. He asserts that this clam arises under the Sixth Amendment. The Sixth Amendment guarantees a criminal defendant "a speedy and public trial, but an impartial jury." U.S. CONST. Amend. VI. But, in the *habeas* context, the Due Process Clause of the

4

Fourteenth Amendment protects a petitioner's right to proper jury instructions. Esteele v. McGuire, 502 U.S. 62, 71-72 (1991). The court cannot "grant relief . . . simply because the instruction may have been deficient," or because "the trial judge incorrectly interpreted" the rules or instructions. Id. at 72. Instead, the court must determine whether "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Id. (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973) and citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). It appears that the petitioner is asking this court to make that determination. Accordingly, the court concludes that the petitioner may proceed on his due process claim regarding the jury instructions given by the state court.

The petitioner's third claim—that he received ineffective assistance of counsel from his trial attorney—arises under the Sixth Amendment to the Constitution. That amendment guarantees a defendant in a criminal trial the right to have "assistance of counsel for his defense;" to be meaningful, that assistance must be effective. Strickland v. Washington, 466 U.S. 668 (1984). Thus, the petitioner's third claim also is a claim for which a federal court could grant *habeas* relief.

For the above reasons, the court **ORDERS** that the petitioner may proceed on all three of his exhausted claims.

The court **ORDERS** that the remaining, unexhausted claims alleged in the complaint—his claims for ineffective assistance of trial counsel for

5

inadequate pre-trial investigation (ground four), for failing to investigate exculpatory evidence (ground five), for not investigating possible mitigating evidence (ground six), and for failing to object to testimony that was inconsistent with the evidence (ground seven)—are **DISMISSED.**

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

6

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and to the Warden of Stanley Correctional Institution will receive a copy of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 8th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge