UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKY PERRY,**

  Petitioner,

  v.                                          Case No. 15-C-1423

**REED RICHARDSON,**

  Respondent.

---

# DECISION AND ORDER

---

The petitioner filed this habeas corpus action on November 30, 2015. Following much procedural back-and-forth, as well as "changes of heart" by the petitioner, Judge Pepper screened the petition and concluded that there remained three viable, exhausted claims in the petition. (ECF Nos. 35, 9.) The petitioner has decided to proceed with these claims. (ECF No. 8.) More recently, the parties consented to the jurisdiction of the undersigned magistrate judge. For the reasons given below, the petition will be denied.

## ANALYSIS

In 2012 a jury convicted the petitioner of second-degree reckless homicide by use of a dangerous weapon, in violation of Wisconsin's criminal code. The evidence at trial showed that the petitioner had a drug dispute with the victim, William Roberson. The petitioner testified that Roberson had punched him in the face, at which point the petitioner pulled a knife and stabbed Roberson in self-defense. Not believing that version of events, the jury

convicted, and the petitioner lost on appeal. He then brought this habeas action in federal court.

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is not simply another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases in which the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012). A state-court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. As for the determination of the facts, federal courts will not "characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.' Instead, § 2254(d)(2) requires that we accord the state trial court substantial deference. If '"[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial

2

Case 2:15-cv-01423-SCD   Filed 05/05/20   Page 2 of 11   Document 41

court's ... determination.'" *Brumfield v. Cain*, 576 U.S. 305, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010) (other citations omitted).

The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1). *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003). The unreasonable application standard is "a difficult standard to meet." *Id*. at 662. Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." *Id*. at 662 (internal citation omitted).

### 1. Sufficiency of the Evidence

The petitioner first argues that his conviction was not based on sufficient evidence. In her screening order, Judge Pepper noted that such a claim arises under the Due Process Clause of the Fourteenth Amendment. (ECF No. 9 at 4.) "Fourteenth Amendment due process requires that the state must present sufficient evidence to prove each element of an alleged crime." *Maier v. Smith*, 912 F.3d 1064, 1074 (7th Cir. 2019); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In considering such a challenge, the Court must determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Saxon v. Lashbrook*, 873 F.3d 982, 987-88 (7th Cir. 2017) (quoting *Jackson*, 443 U.S. at 319). This standard is a stringent one because of "the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). As the Supreme Court has explained:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing

3

court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

First, I note that it is at least questionable whether this claim has actually been exhausted. "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The doctrine requires that petitioners fairly present their claims "in concrete, practical terms, [so that] the state court [is] sufficiently alerted to the federal constitutional nature of the issue." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (quoting *Kurzawa v. Jordan*, 146 F.3d 435, 442 (7th Cir. 1998)). To determine whether an issue has been presented as a constitutional one, courts consider four factors:

> 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases that apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Id*.

Here, although the petitioner raised the argument on appeal, he raised it as a matter of state law, not federal constitutional law. His appellate brief cites no federal cases on the subject, nor does it refer to the United States Constitution in any respect whatsoever. (ECF No. 16-2 at 11-14.). However, because *State v. Poellinger*, 451 N.W.2d 752, 757 (1990), which establishes Wisconsin's standard for reviewing sufficiency-of-the-evidence claims, essentially

mirrors the federal *Jackson* analysis, I will proceed to the merits of the argument as though the claim had been fairly presented to the state courts.

On appeal, the petitioner argued that the evidence clearly showed that he had *intentionally* killed Roberson in self-defense, and thus the jury had no basis to conclude that he had *recklessly* done so. (ECF No. 16-4 at 3-4.) The court of appeals disagreed, concluding that "it was far from undisputed that Perry intended to kill Roberson." (ECF No. 16-4 at 4.) The court noted that there was no evidence the petitioner had deliberately stabbed Roberson in a vital area, nor that the petitioner had even appreciated that he'd delivered a mortal wound until he saw Roberson collapse in the street. (*Id.*) Moreover, as the State now points out, the evidence also shows that the stabbing occurred in the midst of an altercation between Roberson and the petitioner. The petitioner testified his knees buckled after Roberson punched him. (ECF No. 16-12 at 105.) When the petitioner rose back up, he believed "another volley of swings" was coming his way from Roberson, and that's when he stuck the knife in. (*Id.*) Roberson then ran about a half-block before collapsing. (*Id.* at 106.) The petitioner then "panicked. I was like no, no, get up, man." (*Id.*) There is nothing about this testimony, nor any other evidence the petitioner points to, that would have required a jury to believe the petitioner's version of events. Having rejected the petitioner's self-defense theory, the jury reasonably could have concluded that the homicide was reckless. Certainly, the court of appeals did not unreasonably apply *Jackson* in so concluding.

The petitioner now attempts to argue that there were issues of credibility with two of the state's witnesses and that he actually acted in self-defense. But federal habeas corpus proceedings are not the time for new arguments: as recounted above, a petitioner must fairly present the issues to the state courts and then demonstrate that the state courts misapplied

5

controlling Supreme Court precedent or unreasonably determined the facts. A petitioner cannot make such a showing if he never gave the state courts the chance to consider his arguments. These arguments are therefore not exhausted. Even if they had been, they merely ask the court to re-weigh the evidence, something a federal habeas court is not equipped to do. *Herrera*, 506 U.S. at 400.

### 2. Jury Instructions

In his second claim, the petitioner asserts that the instructions provided to the jury were improper. In her screening order, Judge Pepper found that such a claim must be based on the Due Process Clause of the Fourteenth Amendment; the offending jury instruction must have "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 71-72 (1991).

On appeal, the petitioner argued that the pattern self-defense instructions used in his case were plain error because they did not inform the jury that the government must disprove self-defense beyond a reasonable doubt. The petitioner relied on an appellate decision that was issued more than a year after his trial. In *State v. Austin*, the state court of appeals found that "when a defendant successfully makes self-defense an issue, the jury must be instructed as to the State's burden of proof regarding the nature of the crime, even if the defense is a negative defense." 836 N.W.2d 833, 838 (Wis. Ct. App. 2013). This ruling eventually occasioned a change to the state's pattern instructions. But the pattern instructions in the petitioner's trial did not contain such an instruction.

The court of appeals noted that the petitioner had not objected to the instruction at trial, which meant the court would review the issue only for plain error. (ECF No. 16-4 at 5.) Citing *State v. Jorgensen,* the court observed that plain error is error "so fundamental that a

6

new trial or other relief must be granted." 754 N.W.2d 77, 85 (Wis. 2008). In rejecting the petitioner's argument, the court first noted that because the jury instructions in the petitioner's case were the pattern jury instructions that had been in place for more than a decade, it would be difficult to conclude that using them was an obvious error. (ECF No. 16-4 at 8.) Moreover, on substance, the instructions did not misstate the burden of proof, nor did they incorrectly place the burden of proof on the defendant; instead, they simply did not take the "extra step of specifying that the State has the burden to disprove self-defense." (*Id.* at 8.). Because the petitioner had not shown plain error, the court rejected his argument.

The state argues that the petitioner has procedurally defaulted this claim by failing to object at the time the jury instruction was given. And, because the court of appeals rejected the argument on a plain-error challenge, it decided the issue independent of any federal question. "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the states procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). "When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009).

Here, it is clear that the court of appeals: (1) relied on the fact that the petitioner had not objected to the instruction during his trial, and (2) concluded that any error that occurred was not "plain error." (ECF No. 16-4 at 5.). These were independent and adequate state procedural grounds for rejecting his argument on appeal. *See Kaczmarek,* 627 F.3d at 592 ("Thus, the state court resolved the . . . claim by applying the state's waiver doctrine, and the
7

test for independence is met.") This means the claim is procedurally defaulted unless the petitioner can show cause and prejudice or that failure to address the claim would result in a fundamental miscarriage of justice. The petitioner has not attempted to try. Accordingly, habeas relief on this claim is not available.

Even if I were to reach the merits of this argument, habeas relief would not be warranted. As the screening order found, relief based on a jury instruction is limited to situations in which the offending instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle,* 502 U.S. at 71-72. Here, the court of appeals found that the entire set of jury instructions, taken as a whole, properly informed the jury that the burden of establishing every fact necessary to constitute guilt is upon the State. (ECF No. 16-4 at 8.) The criticism of the pattern instruction used in this case is simply that it did not remind the jury that it was the State's burden to disprove self-defense. To the extent the instruction was erroneous, the error was not of the sort that would implicate due process concerns. The court of appeals' decision cannot therefore be said to contravene the Supreme Court's holding in *Estelle,* 502 U.S. at 71-72.

### 3. Ineffective Assistance of Counsel

The petitioner asserts in his final claim that he received ineffective assistance of counsel from his trial attorney, in violation of the Sixth Amendment to the Constitution. He asserts that he received ineffective assistance when his attorney failed to object to the pattern jury instruction described above; he also asserts, for the first time, that his lawyer failed to challenge the credibility of certain witnesses.

The court of appeals found no ineffective assistance in this case because "a reasonable lawyer's actions are viewed under the circumstances as they existed at the time of trial." (ECF

8

No. 16-4 at 9.) At the time of trial, the court applied what was then the pattern jury instruction, and so the petitioner's lawyer could hardly be faulted for failing to object. (*Id.*) In reaching this conclusion, the court applied the correct legal standard of *Strickland v. Washington*, 466 U.S. 668 (1984), to this claim. Therefore, my review of that court's decision is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). That is, I must first take "a highly deferential look at counsel's performance," in which "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Then, I must view the petitioner's claim through the "deferential lens of § 2254(d)." *Cullen,* 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 n.2 (2009)). That means that the "pivotal question" is not whether "defense counsel's performance fell below *Strickland*'s standard," but whether "the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). On top of this double deference, I must bear in mind that "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Mirzayance*, 556 U.S. at 123; *see also Harrington*, 562 U.S. at 101 ("[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."). As the Supreme Court emphasized in *Harrington*: "If this standard is difficult to meet, that is because it was meant to be." 556 U.S. at 123. Although § 2254 "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," a federal court's authority to issue a writ of habeas corpus under that section is reserved for cases "where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Id.*

With these standards in mind, it would be impossible to conclude that the state court's treatment of the ineffective assistance issue was unreasonable. As the court noted, a lawyer can hardly be faulted for conceding the use of a pattern jury instruction. Even considering the issue *de novo* (that is, without all the layers of deference), counsel does not act ineffectively by allowing a trial court to use a pattern jury instruction. Pattern instructions are drafted by a committee of judges who are experts in criminal law, and that pattern instruction was operative at the time of the petitioner's trial. And here, as the court of appeals noted, the instruction was not defective in some fundamental way but merely incomplete.

The petitioner also suggests that his counsel was ineffective for failing to challenge the credibility of witnesses. However, he has not identified any concrete situation in which his lawyer allegedly failed him. The entirety of his argument is: "credibility issues went unchallenged and resulted in an unfair adversarial process for his client." (ECF No. 21 at 13.) To the extent this is even an argument, it is too undeveloped to consider. Moreover, he did not present this issue to the state courts, and so it is procedurally defaulted for the reasons indicated above.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773

10

(2017). Here, I cannot conclude that the assessment of the merits of the petitioner's claims is debatable by reasonable jurists. Moreover, where a petition is dismissed (here, in part) on procedural grounds, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, no reasonable jurist would find the court's procedural rulings debatable. Accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons given above, the petition is **DENIED** and the case is **DISMISSED**. A certificate of appealability is **DENIED**. The clerk will enter judgment accordingly.

**SO ORDERED** this 5th day of May, 2020.

STEPHEN C. DRIES
United States Magistrate Judge